IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI ANN GAMER, GAMER ECONOMIC SYSTEMS, LLC, and GAMER MEDIA PARTNERS CORP.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-CV-02650-CAP |

**FINAL JUDGMENT AS TO DEFENDANT GAMER ECONOMIC SYSTEMS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Gamer Economic Systems, LLC ("GES" or "Defendant") having entered an appearance and answered the Complaint; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

<u>EXCHANGE ACT SECTION 10(b) AND RULE 10b-5</u>

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment in or offering of securities,

    (B) the registration status of such offering or of such securities,

    (C) the prospects for success of any product or company,

    (D) the use of investor funds; or

    (E) the misappropriation of investor funds or investment proceeds.

## II.

## SECURITIES ACT SECTION 17(a)

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment in or offering of securities,

        (B) the registration status of such offering or of such securities,

        (C) the prospects for success of any product or company,

        (D) the use of investor funds; or

        (E) the misappropriation of investor funds or investment proceeds.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant GES, together with Defendants Heidi Ann Gamer and Gamer Media Partners, Corp, hereinafter collectively, the "Defendants," is jointly and severally liable for disgorgement in the amount of $138,945, representing alleged proceeds derived as a result of the conduct alleged in the Complaint, plus pre-judgment interest thereon in the amount of $9,299.31, for a total of $148,244.31. Based on Defendant's sworn representations in its Statement of Financial Condition dated April 21, 2015, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty. Additionally, the Court waives all but $36,000 of the disgorgement and pre-judgment interest as to Defendant, and Defendant shall not be required to pay any post-judgment interest. Further, Defendants shall pay, jointly and severally, $36,000 pursuant to a payment plan described in greater detail in Section IV below.

Defendant may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by

certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The determination not to impose a civil penalty against Defendant and to

waive all but $36,000 of the disgorgement and pre-judgment interest as to Defendant is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the

Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

Defendants, jointly and severally, shall pay the total of disgorgement and pre-judgment interest due of $36,000 in thirty-six (36) installments to the Commission according to the following schedule: (1) $1,000 within 30 days of entry of this Final Judgment; and (2) $1,000 every 30 days thereafter. Payments shall be deemed made on the date they are received by the Commission.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the payment plan set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant GES is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: <u>NOVEMBER, 20th</u>, 2015

/s/CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE